**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| STANTON CONCEPTS, L.L.C., | : | CIVIL ACTION NO. 13-3670 (MLC) |
| | : | |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| BROOKSTONE, INC., et al., | : | |
| | : | |
| Defendants. | : | |

    **THE PLAINTIFF**, Stanton Concepts, L.L.C. ("SCLLC"), brought this action ("SCLLC Action") to recover damages for patent infringement against two defendants: (1) Brookstone, Inc. ("BSI"); and (2) WordLock, Inc. ("WLI"). (See dkt. entry no. 1, Compl.) BSI has filed an answer. (See dkt. entry no. 13, BSI Answer.) The docket reveals no effort by SCLLC to either serve WLI or prosecute its claims against WLI, even though the action has been pending for eleven months.

    **BSI** has filed a petition for relief in the United States Bankruptcy Court for the District of Delaware ("Delaware Bankruptcy Court"). (See dkt. entry no. 18, Suggestion of Bankr.) See Pet., In re Brookstone, Inc., No. 14-10753 (Bankr. D. Del. Apr. 3, 2014), ECF No. 1. BSI has listed the SCLLC Action therein. See Stmt. of Fin. Affairs, Attach. 4a (entitled "Suits, executions, garnishments, and attachments"), In re Brookstone, Inc., No. 14-10753 (Bankr. D. Del. May 2, 2014), ECF No. 6.

    **AN ACTION** is "related to" bankruptcy if the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. Nuveen

Mun. Trust v. Withumsmith Brown, P.C., 692 F.3d 283, 293-94 (3d Cir. 2012); see In re Combustion Eng'g, 391 F.3d 190, 226 (3d Cir. 2004). Furthermore, an action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action — either positively or negatively — and in any way could impact the estate's handling and administration; the entire action need not be against the debtor or the debtor's property only. See In re Resorts Int'l, 372 F.3d 154, 164 (3d Cir. 2004).

**A DISTRICT COURT** "may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties". 28 U.S.C. § 1412; see 28 U.S.C. § 1409(a) (stating "proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending"); Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1212 (3d Cir. 1991) (stating proper way to transfer related action to bankruptcy court already hearing bankruptcy case is to change venue from non-bankruptcy forum to bankruptcy forum, and then refer related action to bankruptcy court). The forum where the bankruptcy case is pending is the proper venue for actions related to that bankruptcy case. See Hohl v. Bastian, 279 B.R. 165, 177 (W.D. Pa. 2002); Krystal Cadillac-Oldsmobile-GMC Truck, v. Gen. Motors Corp., 232 B.R. 622, 627 (E.D. Pa. 1999).

**THE SCLLC ACTION** is related to BSI's ongoing bankruptcy proceedings in the Delaware Bankruptcy Court. Furthermore, it appears that SCLLC has abandoned its claims against WLI. Thus, the interests of justice and the convenience of the parties favor

2

a transfer of venue to Delaware, as the Delaware Bankruptcy Court is in a better position to determine how and to what extent SCLLC's claims will affect (1) the bankruptcy estate at issue, (2) the efficient administration of that estate, and (3) asset distribution. See 28 U.S.C. § 1412; Hohl, 279 B.R. at 178.

**THE COURT** will transfer the SCLLC Action to the District of Delaware immediately, as time is of the essence in view of the ongoing bankruptcy proceedings. For good cause appearing, the Court will issue an appropriate order.[1]

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: May 16, 2014

---

[1] The transferee district court should refer the SCLLC Action to the Delaware Bankruptcy Court. See 28 U.S.C. § 157(a) (stating "district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district"); Maritime Elec. Co., 959 F.2d at 1212. The extent of the Delaware Bankruptcy Court's authority over the SCLLC Action depends on whether it is (1) a "core proceeding" or (2) a "non-core proceeding" otherwise related to a case under title 11. 28 U.S.C. § 157(b)(1)-(4); see 28 U.S.C. § 157(b)(1) (stating bankruptcy court may enter order or judgment in core proceeding); 28 U.S.C. § 157(c)(1) (stating bankruptcy court submits proposed findings of fact and conclusions of law to district court in non-core proceedings, and final order will be entered by district court after considering same); see also Mullarkey v. Tamboer (In re Mullarkey), 536 F.3d 215, 220-21 (3d Cir. 2008) (discussing bankruptcy court's authority). The Delaware Bankruptcy Court will determine whether the SCLLC Action is a core proceeding or related-to proceeding. See 28 U.S.C. § 157(b)(3); Certain Underwriters at Lloyd's of London v. Otlowski, No. 08-3998, 2009 WL 234957, at *2 (D.N.J. Jan. 29, 2009) (stating "Section 157(b)(3) calls for the bankruptcy judge to make the initial decision on whether a case is a core proceeding, and its language is not ambiguous"); E. W. Trade Partners v. Sobel WP (In re E. W. Trade Partners), No. 06-1812, 2007 WL 1213393, at *3-4 (D.N.J. Apr. 23, 2007) (same).

3